IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PERMOBIL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-586 |
| v. ) | |
| ) | Judge Campbell |
| MARK WESTPHAL, ) | Magistrate Judge Holmes |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER, AND MOTION FOR FEES AND STATUTORY PENALTIES**

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant Mark Westphal ("Westphal") respectfully moves for the dismissal of this matter in its entirety due to improper venue. Alternatively, pursuant to 28 U.S.C. § 1404(a), Westphal moves for this matter to be transferred to the federal courts of State of Washington. Alternatively, pursuant to Fed. R. Civ. P. 12(b)(6), Westphal moves for the dismissal of this action due to its failure to state a claim upon which relief can be granted. Additionally, Westphal moves for an award of his reasonable attorneys' fees and costs, as well as an award of statutory penalties under the Washington Non-Compete Act ("WNA"). *See* RCW § 49.62.05, et al.

1. Dismissal is appropriate under Fed. R. Civ. P. 12(b)(3) for improper venue. The contract upon which Plaintiff Permobil, Inc., ("Permobil") sues is void and unenforceable. Westphal is a resident of the State of Washington. Washington law makes it illegal to: (a) require an employment to submit to an out-of-state forum selection clause; (b) attempt to enforce such a clause; (c) not apprise an employee that a noncompete would be required until after he accepts a job offer, and (d) fail to provide an employee with independent consideration for a noncompete. *See* RCW § 49.62.05, et al. The restrictive covenant fails on all four scores, and its forum selection

1

clause is "void and unenforceable." *Id.* Traditional elements of *forum non-conveniens* apply, and those elements all militate towards dismissal.

2. Alternatively, this matter should be transferred to the federal courts of Washington under 28 U.S.C. § 1404(a).

3. Alternatively, this matter should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b). The restrictive covenant is "void and unenforceable" under Washington law. Plaintiff's remaining claims only offer labels and conclusions, and thus fail to state a plausible claim.

4. Westphal additionally moves for an award of reasonable attorneys' fees, costs, and expenses, as well as $10,000 in statutory penalties. Washington law holds a company strictly liable for fees and penalties when it: (1) requires an employee to submit to an out-of-state forum selection clause, and (2) attempts to enforce a clause. *See* RCW § 49.62.080. Upon an appropriate Order of the Court, Defendant will submit a Declaration of counsel, setting forth in detail the fees and costs incurred in this matter.

In support of this motion, Westphal has submitted a Memorandum of Law. Additionally, it has submitted the Declaration of Mark Westphal, with several exhibits attached to that Declaration. The Declaration and exhibits are offered in support of Westphal's motions under Fed. R. 12(b)(3), 28 U.S.C. § 1404(a) and RCW § 49.62.080. All of this evidence can be considered for these three motions. Additionally, Permobil's October 4, 2021, offer letter is also offered for Westphal's motion under Rule 12(b)(6). It is referenced by the Complaint, integral to the pleadings, and may be considered.

Respectfully Submitted,

/s/ Jonathan O. Harris
Jonathan O. Harris (TN Bar No. 21508)
John R. Adams (TN Bar No. 39284)
JACKSON LEWIS P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Telephone: (615) 565-1661
Fax: (615) 206-2244
Email: jonathan.harris@jacksonlewis.com
   john.adams@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2023, I served a true and correct copy of the foregoing *Motion to Dismiss* via electronic mail, upon the following counsel of record:

Erin Palmer Polly
Gibeault "Beau" C. Creson
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
erin.polly@klgates.com
beau.creson@klgates.com

*Attorneys for Plaintiff*

/s/ Jonathan O. Harris

4858-5212-9644, v. 1