IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PERMOBIL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-586 |
| v. ) | |
| ) | Judge Campbell |
| MARK WESTPHAL, ) | Magistrate Judge Holmes |
| ) | |
| Defendant. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Mark Westphal ("Westphal") respectfully apprises the Court of a recent legal development that is relevant to the pending Motion to Dismiss, or in the Alternative to Transfer (Doc. Nos. 12, 13), and the pending Motion for Preliminary Injunction (Doc. Nos. 19. 21). To the extent leave is required to submit this Notice, Mr. Westphal respectfully moves for such leave.

1. On August 31, 2023, Mr. Westphal filed an Unfair Labor Practice Charge with the National Labor Relations Board ("NLRB"). A copy of that Charge is attached as **Exhibit A**.

2. In that Charge, Mr. Westphal asserted that Permobil had violated Section 7 of the National Labor Relations Act ("NLRA") by requiring him to submit to the non-competition agreement at issue in the current lawsuit, and further by suing him under that unlawful contract. (*See id.*).

3. On January 9, 2024, a Field Attorney for the NLRB apprised the parties that Mr. Westphal's Charge had been forwarded to the Board's Division of Advice "on the question of whether the Employer violated the Act by 1) requiring, as a term of employment, an employment agreement that constrained Section 7 rights and 2) filing a lawsuit to enforce that agreement."

1

(*See* Jan. 9, 2024 McConnell email, attached as **Exhibit B**).

4. On February 13, 2024, a Regional Director of the Board apprised Mr. Westphal's counsel that the NLRB has found merit to Mr. Westphal's Charge. Specifically, the Board has found probable cause that violations of the NLRA had occurred with respect to Permobil's requirement of Mr. Westphal to sign the non-compete at issue here, and with respect to Permobil's filing of suit over that restrictive covenant. The Board has found cause that numerous aspects of the restrictive covenant violate the NLRA, including but not limited to its provisions on non-competition, non-solicitation, and confidential information.

5. The Board will be providing Permobil with a period of time to consider whether or not it wishes to resolve the issues raised in Mr. Westphal's Charge. If Permobil declines to do so, the Board will then issue a Complaint against Permobil. Mr. Westphal will provide this Court with that Complaint upon its filing. Mr. Westphal anticipates that the Board will not only seek the revocation of the non-compete agreement signed by Mr. Westphal, but all similar non-compete agreements signed by any Permobil employee.

6. The Board's findings are relevant to Mr. Westphal's pending Motion to Dismiss, or in the Alternative to Transfer. (*See* Doc. Nos. 12, 13). Given that the restrictive covenant violates the NLRA in numerous respects, it is not enforceable. To the extent Mr. Westphal's motion was brought under Rule 12(b)(3) and 28 U.S.C. § 1404(a), the Board's cause finding and its forthcoming Complaint can be considered by the Court when ruling upon the motion. To the extent Mr. Westphal's motion was alternatively brought under Rule 12(b)(6), public records may be considered when ruling upon a motion to dismiss brought under that rule. *See, e.g., Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Mr. Westphal leaves it to the Court's sound discretion whether or not to consider the Board's impending Complaint as a public record when ruling the

Rule 12(b)(6) aspect to Mr. Westphal's motion.

7. The Board's findings are also relevant to Permobil's pending Motion for Preliminary Injunction (Doc. Nos. 19, 21). The Board's finding of multiple NLRA violations in the noncompete agreement further highlights that Permobil is not likely to succeed on the merits of this case. Given that a federal agency charged with enforcing labor relations has found that the non-competition agreement violates federal law, such only underscores the fact that the noncompetition agreement is unenforceable.

Respectfully Submitted,

/s/ Jonathan O. Harris
Jonathan O. Harris (TN Bar No. 21508)
John R. Adams (TN Bar No. 39284)
JACKSON LEWIS P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Telephone: (615) 565-1661
Fax: (615) 206-2244
Email: jonathan.harris@jacksonlewis.com
john.adams@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on February 14, 2024, I served a true and correct copy of the foregoing *Notice of Supplemental Authority,* via electronic mail, upon the following counsel of record:

Erin Palmer Polly
Jason W. Callen
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
erin.polly@klgates.com
beau.creson@klgates.com

*Attorneys for Plaintiff*

/s/ Jonathan O. Harris