IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PERMOBIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:23-cv-00586 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| MARK WESTPHAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Mark Westphal's Motion to Dismiss or in the Alternative to Transfer and Motion for Fees and Statutory Penalties. (Doc. No. 12). Plaintiff filed a response in opposition (Doc. No. 18), and Defendant filed a reply (Doc. No. 36).

On February 14, 2024, Defendant filed a Notice of Supplemental Authority informing the Court that he had filed an Unfair Labor Practice Charge with the National Labor Relations Board ("NLRB") and that the NLRB may issue a Complaint against Permobil concerning the non-competition, non-solicitation, and confidential information provisions at issue in this case. (Doc. No. 57). On March 1, 2024, Defendant notified the Court that the NLRB filed a Complaint against Permobil. Defendant moved to stay this case pending the outcome of the NLRB Complaint. (Doc. No. 61). Also before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. No. 19), Defendant's response (Doc. No. 37), and Plaintiff's reply (Doc. No. 38).

For the reasons stated herein, the motion to dismiss (Doc. No. 12) will be **DENIED**. The Court will address the motion for preliminary injunction and motion for stay by separate order.

I. FACTUAL BACKGROUND

Plaintiff Permobil, Inc., is a Tennessee corporation that develops, manufactures, and markets wheelchairs, seating and positioning devices, and wheelchair accessories. (Complaint, Doc. No. 1, ¶ 1). Defendant Mark Westphal is a former employee of Permobil who is now employed by Sunrise Medical, LLC, a direct competitor of Permobil. (*Id.*, ¶¶ 2, 8).

On or about October 14, 2021, Westphal executed an Employment Agreement with Permobil. (*Id.*, ¶ 32). The Employment Agreement contains certain restrictive covenants that, by their terms, prohibit Westphal from engaging in certain conduct, including competition, solicitation, disclosure of trade secrets, and disparagement – within a year of the termination of his employment with Permobil. (*Id.*, ¶ 35; *see also*, Employment Agreement, Doc. No. 1-1). The Employment Agreement contains a provision on "Jurisdiction; Venue; [and] Governing Law," which provides that the Employment Agreement shall be governed by Tennessee law and that the parties agree to submit to the "exclusive jurisdiction" of "any federal court sitting in the Middle District of Tennessee or any state court in Wilson County, Tennessee." (Doc. No. 1-1, ¶ 6.E.).

Also included in the Employment Agreement is a section printed in bold and all-caps that states:

> **THE EMPLOYEE HEREBY ACKNOWLEDGES AND REPRESENTS THAT THE EMPLOYEE HAS HAD THE OPPORTUNITY TO CONSULT WITH INDEPENDENT LEGAL COUNSEL REGARDING THIS AGREEMENT, AND THE EMPLOYEE FULLY UNDERSTANDS THE TERMS AND CONDITIONS CONTAINED HEREIN.**

(*Id.*, ¶ 6.C.).

On that same date, Defendant also executed a separate Confidentiality and Non-Disclosure Agreement related to "Project Greenfield" (the "NDA"). (Compl, Doc. No. 1, ¶ 41; *see also*, NDA,

Doc. No. 1-2). The NDA specifies that Tennessee law applies to the agreement. (Doc. No. 1-2, ¶ 8).

On April 14, 2023, Westphal notified Permobil of his intent to end his employment with Permobil. (Doc. No. 1, ¶ 64). His last day with Permobil was April 28, 2023. (*Id*.). Less than a week later, Permobil became aware that Westphal had begun working for Permobil competitor Sunrise Medical. (*Id*., ¶¶ 68, 69).

## II. PROCEDURAL BACKGROUND

On June 9, 2023, Permobil initiated this lawsuit against Mark Westphal, bringing claims on several theories of liability: (1) breach of contract, specifically the confidentiality, non-compete, and non-solicitation provisions of his October 14, 2021 Employment Agreement; (2) breach of contract, specifically the October 14, 2021 Confidentiality and Non-Disclosure Agreement; (3) violation of the Tennessee Uniform Trade Secrets Act; (4) Violation of the Federal Defend Trade Secrets Act. (*See* Complaint, Doc. No. 1). Defendant seeks dismissal of this case under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for improper venue and failure to state a claim. (Doc. No. 13).

Approximately six weeks later, on July 21, 2023, Permobil moved to preliminarily enjoin Westphal from: (1) working for Sunrise Medical, LLC or any other Permobil competitor for a period of one year (with such period extended during the period of the alleged violation of the Employment Agreement); (2) using or disclosing confidential information and confidential trade secrets; and (3) soliciting or helping others to solicit Permobil's customers. (Doc. No. 19).

On August 31, 2023, Westphal filed charges with the National Labor Relations Board, claiming that Permobil violated his rights under the National Labor Relations Act by subjecting him to a restrictive covenant and taking steps to enforce that covenant. (Doc. No. 61-1). On

March 1, 2024, the NLRB filed a Complaint against Permobil charging that the restrictive covenants in the Employment Agreement and maintenance of this lawsuit interfere with rights guaranteed in Section 7 of the National Labor Relations Act. (Doc. No. 61-3). The NLRB Complaint requires Permobil to file an answer by March 15, 2024, and sets a hearing for December 17, 2024. (*Id.*).

## III. ANALYSIS

Defendant moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(3) for improper venue. The vast majority of Defendant's argument rests on the proposition that the Washington Non-Compete Act ("WNA"), Wash. Rev. Code § 49.62.005 et al., renders void the forum selection clause, and the non-compete provisions in the Employment Agreement. In effect, Defendant seeks dismissal of the case as a whole based on improper venue and all four claims based on his challenge to one part of one claim – all based on a Washington statute.

### A. Venue

Plaintiff alleges venue is proper here for two reasons: (1) the forum selection clause in the Employment Agreement; and (2) under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district. (Compl., Doc. No. 1, ¶ 4). Defendant argues at length against the forum selection clause as a basis for venue, relying on the WNA provision that addresses such clauses in non-compete agreements. Defendant specifically argues that the WNA "prohibits an employer from subjecting a Washington-based employee to an out-of-state forum selection clause." (Doc. No. 13 at 2 (citing Wash. Rev. Code § 49.62.050)).[1] Because the

---

[1] Wash. Rev. Code § 49.61.050 provides: "A provision in a noncompetition covenant signed by an employee or independent contractor who is Washington-based is void and unenforceable: (1) If the covenant requires the employee or independent contractor to adjudicate a noncompetition covenant outside of this state; and (2) To the extent it deprives the employee or independent contractor of the protections or benefits of this chapter.

4

Employment Agreement includes a non-compete provision that Defendant contends violates the WNA, Defendant argues venue is improper.

In effect, Defendant asks the Court to apply Washington law because he is a resident of that state, without regard to important steps the Court is required to take in the choice-of-law analysis. Further Defendant's argument confuses two issues: proper venue and choice of law. Of course, in certain circumstances, this Court (the venue) often applies the law of states other than Tennessee, even while applying Tennessee choice-of-law rules.

"Ultimately, [Defendant's] argument puts the cart before the horse." *Wirtgen America, Inc. v. Hayden-Murphy Equip. Co.*, No. 3:22-cv-00308, 2023 WL 123499, at *8 (M.D. Tenn. Jan. 6, 2023). Defendant argues that venue is improper because Washington law – specifically the WNA – prohibits an employer from subjecting a Washington-based employee to an out-of-state forum selection clause. But "no state has the unilateral power to legislatively nullify the choice-of-law principles of other states." *Id*. "To the contrary, '[t]he only way that the [laws] of any particular state can make a choice of law clause void is if that particular state's law applies to the matter before the Court' in the first place." *Id*. (quoting *Momentum Mktg. Sales & Servs., Inc. v. Curves Int'l, Inc.*, No. W-07-CA-48, 2008 WL 11334569, at *2 (W.D. Tex. Dec. 17, 2008)).

Tennessee follows the Second Restatement of Conflict of Laws. *Williams v. Smith*, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014). Under those rules, a choice of law provision in a contract will be honored provided it was: (1) executed in good faith; (2) the chosen jurisdiction bears a material connection to the transaction; (3) the basis for the jurisdiction is reasonable and not a sham; (4) the choice of the jurisdiction is not contrary to the fundamental policy of a state having a materially greater interest and whose law would otherwise govern. *Id*. (citing Restatement (Second) of Conflict of Laws, § 187(2) (1971)).

The Court finds that, on the record before it, the Employment Agreement was executed in good faith as Defendant had one week to review the agreement and consult with an attorney. (*See* Doc. No. 1-1, ¶ 6.C.). While Defendant argues he was told that Washington law would govern, he offers no explanation as to why he signed a contract that selected Tennessee law. Defendant presents no argument addressing the second two choice-of-law factors – material connection and reasonableness – and the Court finds those factors support the application of Tennessee law. Finally, the Court must weigh the interests of the two states at issue – Tennessee and Washington – to determine if one state's interests are "materially greater" than the other. Defendant argues that Washington's WNA shows its interest in protecting its residents against certain types of restrictive covenants, while Plaintiff argues that Tennessee has an interest in protecting its businesses from unfair competition and trade secret theft. It is important to note at this juncture that the WNA does not, by its own terms, address non-solicitation agreements, confidentiality agreements, or trade secret restrictive covenants. Wash. Rev. Code §§ 49.62.010(4) and 49.62.020.[2]

Plaintiff's claims in this case cover actions well beyond the non-compete provisions in the Employment Agreement – claims that are therefore outside the scope of the WNA. Given that Defendant's "materially greater" argument rests on Washington law concerning one of Plaintiff's four claims, and those other claims are not the subject of any Washington statutory provision brought to the Court's attention, the Court is not persuaded that Washington interests substantially outweigh Tennessee interests as to all claims at issue. In effect, Defendant suggests that because

---

[2] The Washington Non-Compete Act provides that "a 'noncompetition covenant' does not include: (a) A nonsolicitation agreement; (b) a confidentiality agreement; (c) a covenant prohibiting use or disclosure of trade secrets or inventions; (d) a covenant entered into by a person purchasing or selling the goodwill of a business or otherwise acquiring or disposing of an ownership interest; or (e) a covenant entered into by a franchisee when the franchise sale complies with RCW 19.100.020(1)." Wash. Rev. Code § 49.62.010(4).

6

Case 3:23-cv-00586   Document 62   Filed 03/07/24   Page 6 of 9 PageID #: 665

Washington enacted legislation about one topic, that Act mandates the venue on all claims asserted, regardless of the fact that Washington law does not speak to the other causes of action.

In sum, the parties agreed to the application of Tennessee law in the Employment Agreement and the non-disclosure agreement, and the choice of law factors do not result in ignoring those agreements, including the forum selection clause. Having found that Tennessee law governs, Defendant's venue challenge, which is based almost exclusively on application of Washington law, is unavailing. Venue in this forum is proper pursuant to the forum selection clause.

Moreover, aside from the forum selection clause, based on the allegations in the Complaint, the Court finds that venue is proper here because "a substantial part of the events or omissions giving rise to the claim occurred" in Tennessee. 28 U.S.C. § 1391(b)(2).[3]

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference

---

[3] Defendant also raises forum non conveniens as grounds for dismissal. This argument appears to rely heavily on the arguments the Court has addressed and rejected concerning the application of Washington law. (Doc. No. 13 at 18 ("Since the forum selection clause is unenforceable, typical considerations of improper venue and *forum non conveniens* apply to this motion.")). To the extent Defendant asserts a forum non convenience argument independent those concerning application of Washington law, the Court finds forum non conveniens does not merit dismissal. In reaching this conclusion, the Court notes that the parties selected Tennessee as the forum. Although litigating in Tennessee presents certain logistical hurdles for the Defendant, it is not unnecessarily burdensome, particularly because the realities of modern litigation do not require the Defendant's physical presence in the forum on a regular basis.

that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012). In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

Defendant argues that Plaintiff fails to state a claim, presenting several arguments. First, Defendant argues that the claim for breaching the non-compete provision of the employment agreement (*i.e.*, part of the basis for Count I), fails under Washington law. As stated, the Court is applying Tennessee law and finds that Count I states a claims upon which relief can be granted.

Defendant next argues that Plaintiff's other claims fail because they are pleaded "upon information and belief" and Plaintiff fails to plead sufficient facts to support those claims. (Doc. No. 13 at 24). As Plaintiff correctly notes in its response, while the *Iqbol/Twombly* standard requires some factual allegations to state a claim, a plaintiff is not required to "include detailed factual" allegations or "supporting evidence." *Acosta v. Min & Kim, Inc.*, 919 F.3d 361, 367 (6th Cir. 2019). Reading the Complaint as a whole, accepting the allegations as true, and drawing all inferences in Plaintiff's favor, the Court concludes that Plaintiff has pleaded claims under Counts II, III, and IV.

8

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (Doc. No. 12) will be **DENIED**. An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE