**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PERMOBIL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Number 3:23-CV-586** |
| | ) | **Judge William L. Campbell, Jr.** |
| **MARK WESTPHAL,** | ) | **Magistrate Judge Barbara D. Holmes** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF PERMOBIL, INC.'S RENEWED
## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, T.C.A. § 47-25-1703, and 18 U.S.C. § 1836, Plaintiff Permobil, Inc. ("Permobil") respectfully renews its Motion for Preliminary Injunction prohibiting Westphal from working for its direct competitor, Sunrise Medical (US) LLC ("Sunrise"), sharing Permobil's confidential information and trade secrets, and soliciting its customers. The Court denied without prejudice Permobil's initial request for a preliminary injunction and instructed the parties to attempt to reach an agreement on an injunction. The parties tried to do so, including participating in a mediation, but could not reach an agreement.

Permobil faces irreparable harm if a preliminary injunction is not granted. Westphal was a key member of Project Greenfield. In that role, Westphal led the efforts to create a first-of-its-kind digital storefront in the wheelchair industry that has not yet been released. He also was involved with a future three-year product roadmap, including the sales, cost targets, and marketing plans for each product. This digital storefront and product roadmap should give Permobil a huge competitive advantage in the marketplace. Realizing this, Permobil has spent millions of dollars to develop and keep confidential Project Greenfield, particularly from its competitors, like Sunrise.

315847643.2

That competitive advantage and those dollars all will be lost if Westphal is permitted to continue working at Sunrise. Much of the value of the digital storefront will come from Permobil being the first and only one in the market for as long as possible. Similarly, the competitive advantage from the three-year product roadmap will come from Permobil's competitors not being able to plan ahead to counteract each product and price offering. Westphal now is working for Sunrise in nearly the same position he did with Permobil. It defies belief that he is not helping Sunrise prepare to counter the advantages Permobil hopes to gain from Project Greenfield.

While Permobil has not yet discovered that Westphal took any documents, that does not establish or even suggest that a preliminary injunction is unwarranted. Westphal does not need documents to share the keys to the digital storefront and three-year product roadmap. He knows the storefront because he created it and because he was present and directly involved when others were creating the products and roadmap. Permobil has yet to take any depositions and has not gotten fulsome document discovery from Sunrise on what Westphal is working on (for example, Sunrise only agreed to produce documents in which the word "Greenfield" or related terms appear). For these and the additional reasons, Westphal should be enjoined from working at Sunrise and disclosing Permobil's confidential information and trade secrets. Permobil specifically requests that Court prohibit Westphal from:

1. Working for Sunrise Medical (US) LLC ("Sunrise"), or any other business that competes with Permobil's Business, as defined in the Employment Agreement between Westphal and Permobil, in the United States for a period of one year following his employment with Permobil -- with such period extended during the period of his violation of the Employment Agreement's non-competition covenant;

2. Using or disclosing the confidential trade secrets relating to Project Greenfield that were provided to Westphal while he was employed by Permobil, including, but not limited to, information and strategies relating to Project Greenfield's customer quote and order optimization, product development, pricing and profitability, product rollout schedule, and customer experience from order through post-sale;

3. Using or disclosing any Confidential Information, as that term is defined in the Employment Agreement, provided to Westphal as part of Project Greenfield or otherwise, except as permitted by the Employment Agreement;

4. Using or disclosing any Confidential Information, as that term is defined in the Confidentiality and Non-Disclosure Agreement Project Greenfield between Westphal and Permobil, provided to Westphal as part of Project Greenfield or otherwise, except as permitted by the Confidential and Non-Disclosure Agreement Project Greenfield; and

5. Soliciting, diverting, or otherwise attempting to take the business of Permobil's Customers, as that term is defined in the Employment Agreement between Permobil and Westphal, or from managing or helping others solicit, divert, or otherwise attempt to take the business of Permobil's Customers.

Permobil also submits a Memorandum of Law, the Declaration of Brian English (Docket Entry 26), the Declaration of Natalie Halverson (Docket Entry 24), the Declaration of Don Hillard (Docket Entry 23), the Declaration of Cody Verrett (Docket Entry 27), the Declaration of Heidi Wilkinson (Docket Entry 25), and Declaration of Chuck Witkowski (Docket Entry 22) along with the Declaration of Erin Palmer Polly and the Second Declaration of Cody Verrett.

Respectfully submitted,

/s/ Erin Palmer Polly
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Jason W. Callen (#26225)
jason.callen@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Permobil, Inc.*

3

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel and unrepresented parties via U.S. Mail, first-class postage prepaid, this May 20, 2024, on the following:

Jonathan O. Harris
John R. Adams
Jackson Lewis P.C.
611 Commerce Street, Suite 2803
Nashville, Tennessee 37203

/s/ Erin Palmer Polly