IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PERMOBIL, INC., | ) | |
|     Plaintiff/Counter-Defendant, | ) ) ) | |
| v. | ) ) | NO. 3:23-cv-00586 |
| MARK WESTPHAL, | ) ) | JUDGE CAMPBELL |
|     Defendant/Counter-Plaintiff, | ) ) ) | MAGISTRATE JUDGE HOLMES |
| v. | ) ) | |
| SUNRISE MEDICAL, LLC, | ) ) | |
|     Defendant. | ) ) | |
| v. | ) ) | |
| JOHN DOES 1, 2, AND 3, | ) ) | |
|     Counter-Defendants | ) | |

## MEMORANDUM AND ORDER

Plaintiff/Counter-Defendant Permobil, Inc. ("Permobil") sued Defendant/Counter-Plaintiff Mark Westphal ("Westphal") on June 9, 2023, for breach of certain restrictive covenants and violations of Tennessee and federal trade secret laws. (*See* Doc. No. 1). Based on the docket, what followed was active motion practice and litigation, which included a motion by Westphal to dismiss the claims or transfer venue, both of which the Court denied on March 7, 2024. (*See* Doc. Nos. 62-63). However, a few days before that ruling, Westphal moved to stay this litigation pending the outcome of a complaint filed against Permobil pending with the National Labor Relations Board (NLRB). (Doc. No. 60).

After receiving this Court's ruling on his motion to dismiss, Westphal filed an answer and asserted counterclaims for violation of Washington and Tennessee law and various torts. (Doc.

Nos. 68, 73). On May 17, 2024, Permobil filed an amended complaint that added Defendant Sunrise Medical, LLC ("Sunrise") (Doc. No. 89); Sunrise has moved to dismiss the claims against it (Doc. No. 113). Also, Permobil recently filed a motion for preliminary injunction (Doc. No. 94), and Westphal seeks judgment on the pleadings (Doc. No. 100). In sum, the parties are aggressively litigating this case and show no sign on slowing down.

Westphal seeks a stay based on the argument that certain restrictive covenants are the subject of a NLRB complaint that he filed on August 31, 2023, after being sued in this action. Westphal presents two arguments: (1) the NLRB has "primary jurisdiction;" and (2) the Court should use its inherent authority to stay the case.[1]

This case does not involve the doctrine of "primary jurisdiction," which involves circumstances where "enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body[.]" *In re Long Distance Telecommunications Litig.*, 831 F.2d 627, 630 (6th Cir. 1987). Westphal cites no authority supporting the proposition that Congress has placed restrictive covenants squarely within the purview of the NLRB, and the Court is not aware of any such law. While the Federal Trade Commission (FTC) is in the rule-making process concerning non-compete agreements – a rule that will likely result in litigation given a recent Supreme Court ruling in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) – the FTC proposed rule appears to focus on unfair competition, not labor relations. *See* https://www.ftc.gov/system/files/ftc_gov/pdf/p201000 noncompetenprm.pdf (last accessed August 1, 2024).

While certain types of claims arising under the National Labor Relations Act involve the NLRB as having "primary jurisdiction," (*see Alongi v. Ford Motor Co.*, 386 F.3d 716 (6th Cir.

---

[1] Permobil addresses *Garmon* preemption in its response, but Westphal assures the Court that his motion is not based on that doctrine, thus the Court will not address it.

2004) (discussing circumstances where specific claims under the NLRA present state law claims, while others do not)), Westphal fails to point to a specific federal law that would place primary jurisdiction with the NLRB. In fact, courts typically analyze whether specific provisions of the NLRA are at issue before determining whether the NLRB has "primary jurisdiction" over a claim. *See Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 553 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 1749 (2023). Again, Westphal presents no argument pointing to the NLRA.

Turning to the Court's inherent authority to stay the case, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (citation omitted). Westphal seeks a stay because he filed a NLRB charge concerning a non-compete agreement and purported retaliation for filing that charge. (Doc. No. 61-1). Yet, Permobil's original complaint against Westphal is not limited to a non-compete and includes claims arising from alleged trade secret disclosures, and disclosures of confidential information. (*See* Doc. No. 1). Thus, waiting for a ruling from the NLRB – a ruling that may only, at best, receive deference from the Court – will not address all of Permobil's claims against Westphal. Moreover, Westphal has asserted counterclaims against Permobil, and Permobil added Sunrise as a defendant. Finally, as noted, the parties have actively litigated this case over the past 13 months, so no economy can be found at this juncture in staying the case so that one claim against Westphal can be litigated elsewhere. Accordingly, Westphal's motion to stay (Doc. No. 60) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE