IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PERMOBIL, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | NO. 3:23-cv-00586 |
| ) | |
| MARK WESTPHAL, ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUNRISE MEDICAL, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1, 2, AND 3, ) | |
| ) | |
| Counter-Defendants ) | |

## MEMORANDUM

Permobil, Inc. ("Permobil") initially sued Mark Westphal ("Westphal") on grounds arising from his employment with it and his actions after than employment ended in April 2022. (Doc. No. 1). After a flurry of motion practice, Permobil amended its complaint to add Sunrise Medical, LLC ("Sunrise") as a defendant, alleging Sunrise violated state and federal trade secret laws and tortiously interfered with Permobil's contractual relations with Westphal. (Doc. No. 89).

Pending before the Court are Permobil's motion to dismiss Westphal's counterclaims (Doc. No. 78) and motion for preliminary injunction (Doc. No. 94). Also pending before the Court are Westphal's motion for judgment on the pleadings (Doc. No. 100) and Sunrise's motion to dismiss (Doc. No. 113). For the reasons discussed further below, the motions (Doc. Nos. 78, 94, 100, 113) will be **DENIED**.

### A. Permobil's Rule 12(b)(6) Motion as to Westphal's Counterclaims

Permobil filed a Rule 12(b)(6) motion to dismiss against Westphal's original counterclaims on May 6, 2024. (Doc. No. 78). Two weeks later, Westphal filed an answer to Permobil's amended complaint and amended his counterclaims, making these counterclaims the operative pleading that seeks remedies against Permobil. (Doc. No. 98). Accordingly, Permobil's motion to dismiss Westphal's original – and subsequently amended – counterclaims (Doc. No. 78) will be **DENIED** as moot.

### B. Permobil's Motion for Preliminary Injunction

Permobil asks the Court to enjoin Westphal from working for Sunrise, discussing Permobil's trade secrets and other confidential information, and soliciting Permobil's customers. (Doc. No. 94). In response, Westphal argues, in sum, that the contract at issue is void and testifies that he has not disclosed trade secrets or confidential information. Moreover, Westphal testified via declaration that he is not working on a project for Sunrise that would compete with Project Greenfield. (Doc. Nos. 105, 105-2).

A preliminary injunction is an extraordinary remedy and only entered if the Court is satisfied that the relevant factors weigh in favor of that remedy to maintain the status quo. *See Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 382 (6th Cir. 2023) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Having considered the parties' arguments, their competing legal theories, the numerous factual disputes clearly established in the record to date, and, importantly, Permobil's concession that it does not have evidence to date of Westphal's disclosure to Sunrise of Permobil's trade secrets, the relevant factors under Rule 65 do not favor entry of the extraordinary remedy of an injunction. Accordingly, the motion for preliminary injunction (Doc. No. 94) will be **DENIED**.

## C. Westphal's Rule 12(c) Motion

Through the pending Rule 12(c) motion, Westphal attacks Count 1 of Permobil's Amended Complaint – breach of contract – based on the argument that Permobil never signed the contract at issue and largely supports this argument with allegations from his amended counterclaim and attachments thereto (Doc. No. 101), allegations made only two days before Westphal filed his Rule 12(c) motion. (Doc. Nos. 98, 100).

As of the filing of Westphal's Rule 12(c) motion, Permobil had not answered the amended counterclaim. In fact, the parties proposed to Magistrate Judge Holmes that Permobil not answer Westphal's Rule 12(c) motion until 21 days after the court rules on that motion. (*See* Doc. No. 121). Yet, Judge Holmes pointed out that Permobil had not answered the amended counterclaim and declined to enter special deadlines. (*Id.*).

The plain language of Rule 12(c) reveals the fundamental problem with the parties' approach to Westphal's Rule 12(c) motion. Rule 12(c) states: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because Permobil has not answered Westphal's counterclaims (Doc. No. 98) before Westphal filed his Rule 12(c) motion, the pleadings are not closed. *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 705 (W.D. Ky. 2013).[1] For that reason alone, the Court will **DENY** Westphal's Rule 12(c) motion, (Doc. No. 100). Moreover, courts have discretion to consider a premature motion for judgment on the pleadings as one under Rule 12(b)(6). *Griffin*, 970 F. Supp. 2d at 705. Even if the Court exercised that discretion, a brief review of the arguments reveals that

---

[1] While Westphal's motion attacks Permobil's Count 1 – a claim to which Westphal had filed an answer (Doc. No. 98) – his motion relies heavily on allegations in his counterclaim to which Permobil has not answered, thus the requirement of pleadings being closed shows itself to be not only the threshold step under Rule 12(c), but also prudent so that all the issues are joined before a ruling should be reached. Moreover, Westphal's counterclaims allege that Permobil didn't sign the operative restrictive covenant agreement (Doc. No. 98, Counterclaims ¶¶ 28-30). So the central basis of his Rule 12(c) motion has not been answered by Permobil.

3

the motion should be denied under *Iqbal/Twombly* given the parties' competing allegations concerning the formation and performance of the operative restrictive covenant contract. (*See e.g.*, Doc. No. 89 ¶¶ 35-38, 67-69; Doc. No. 98 ¶¶ 13-19, 59-63).

### D. Sunrise's Rule 12(b)(6) Motion

Through its amended complaint, Permobil sues Sunrise for tortious interference with contract, as well as violations of Tennessee and federal trade secret laws. (Doc. No. 89). Permobil alleges that Westphal is working on product development for Sunrise and that he gained significant knowledge of Permobil's "Project Greenfield" while working for Permobil that could be shared with Sunrise. (*Id*. ¶¶ 70-75). Sunrise seeks to dismiss on the argument that the amended complaint fails to allege actual misappropriation. Reviewing the allegations in the amended complaint in a light most favorable to Permobil and drawing all reasonable inferences in its favor, Permobil alleged facts sufficient to state claims for violations of state and federal trade secret laws.

Sunrise next argues that the TUTSA preempts Permobil's tortious interference claim because proof of the interference claim involves the same conduct that serves as the basis for the TUTSA. (*See* Tenn. Code Ann. § 47-25-1208(a); *Wachter, Inc. v. Cabling Innovations, LLC*, 387 F. Supp. 3d 830 (M.D. Tenn. 2019)). As Permobil correctly details in its response, it has alleged actions by Sunrise that could serve as the basis for the interference claim unrelated to alleged trade secret misappropriation. (Doc. No. 116 at 7 (citing Amended Complaint, Doc. No. 89)). Because the allegations do not result in the conclusion that the "same proof" supports both the inferences and trade secret claims, Sunrise's motion (Doc. No. 113) will be **DENIED**.

## CONCLUSION

This case is less than 14 months old and has already exceeded over 100 docket entries, a significant number of which resulted from briefing numerous early dispositive motions, all of which have now been addressed by the Court. Numerous claims and counterclaims have been

4

pleaded, then re-pleaded. If this Court was an "all you can eat" buffet, the parties would have certainly gotten their money's worth. But it is not, and the parties find themselves embattled in contentious litigation with no end in sight other than a jury trial set in October 2025. Given the claims and counterclaims, as well as the record to date, the Court does not believe that further dispositive motion practice, including summary judgment motions, would be a good use of the Court's resources. Accordingly, paragraph 7 of the Third Modified Case Management Order is removed from the schedule. (Doc. No. 121). No party may file a dispositive motion without first receiving leave of court, which leave will be granted only for compelling reasons. The parties should proceed on the assumption that no more dispositive motions will be filed and be prepared to try the case in October 2025.

    It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE